**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> VS. <br><br> **LEONARD WILLIAM WILLIS, JR.,** <br><br> Defendant | **NO. 5: 09-CR-31 (HL)** <br><br> **VIOLATIONS: 18 U.S.C. §2113(a)** |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Ms. Catherine Michelle Leek of the Federal Defenders Office; the United States was represented by Assistant U. S. Attorney Michael T. Solis. Based upon the evidence proffered to the court by counsel for the government, as well as the contents of the Pretrial Services Report dated May 14, 2009, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☐ **(1)** There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

  ☐ under 18 U.S.C. §924(c).

☐ **(2)** The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ **(1)** There is a serious risk that the defendant will not appear.

☒ **(2)** There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated May 14, 2009, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance of defendant Willis and the safety of the community were he to be released from custody at this time. Defendant Willis has no ties to the Middle District of Georgia; he has resided in Jacksonville, Florida for most of the past 29 years. The offenses charged against him are serious felonies for which long-term incarceration can be expected if he is convicted. His estimated federal sentencing guideline range computed by the U. S. Probation Office is 87 months to 108 months to be served in prison.

The weight of evidence is strong: evidence presented to the court has established that on March 4, 2009, defendant Willis robbed two banks on the same day— the BB&T Bank in Forsyth, Georgia, and the United Bank in Barnesville, Georgia before being arrested by law enforcement authorities following a high speed chase on Interstate Highway 75. Photographs of defendant Willis were later sent to Tift County law enforcement resulting in his positive identification as the robber of the Colony Bank in Tifton, Georgia on

February 27, 2009. Further evidence has been presented that defendant Willis is currently under indictment for Bank Robbery in the Southern District of Georgia and that he is a suspect in several robberies in Florida. In addition, defendant Willis has been charged in Lamar County with attempting to escape custody and assaulting a jailer in the process.

Defendant Willis has prior felony convictions in Florida for BURGLARY (1995) and POSSESSION OF STOLEN PROPERTY (1998). He also has a history of drug usage for both cocaine and marijuana.

The undersigned also notes that the defendant does not contest pretrial detention herein.

For the foregoing reasons, the undersigned finds that defendant Willis would pose both a serious risk of flight and a serious danger to the community were he to be released from custody. Pretrial detention is thus mandated. IT IS SO ORDERED AND DIRECTED.

## PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 15th day of MAY, 2009.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE